(10 Misc. Rep. 53.)

KAUFMAN v. PEOPLE'S COLD-STORAGE & WAREHOUSE CO. et al.

(City Court of New York, General Term.   October 23, 1894.)

TRIAL—VERDICT—IRREGULARITIES.

> In an action for loss of goods against a warehouse company and one to whom the company surrendered possession of the warehouse and the goods stored therein, a verdict against the second defendant, without taking into account the liability of the company, will not be set aside as irregular.

Appeal from trial term.

Action by Martha Kaufman against the People's Cold-Storage & Warehouse Company and D. Percy Morgan.   From an order denying a motion to set aside a verdict as irregular, or to dismiss the complaint, defendant company appeals.   Affirmed.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

Parsons, Shepard & Ogden, for appellant.

L. J. Morrisson, for respondent.

EHRLICH, C. J.   The action is against the People's Cold-Storage & Warehouse Company and D. Percy Morgan to recover the value of property stored with said warehouse company in April, 1891. The theory of the action is that the warehouse company, after the bailment, and about July 1, 1892, surrendered possession of the warehouse where the goods were stored, together with the posses-

sion of said goods, to the defendant D. Percy Morgan, who at the time of the loss was in possession of the warehouse and property, the complaint so alleging. Both defendants answered the complaint, and at the trial the jury rendered a verdict against the defendant Morgan for $325, the foreman saying in answer to a question that the jury had not taken into account the People's Cold-Storage & Warehouse Company. After the trial of the action, which was held on February 15, 1893, the defendants moved, upon notice of motion, to set aside the verdict as irregular, or to dismiss the complaint as against the People's Cold-Storage & Warehouse Company, and this motion was properly denied. The defendants were severally and not jointly liable, each being responsible for any injury occurring while in possession and control of the property, so that there was no irregularity in the verdict as against Morgan. The judge could not, seven days after the trial was concluded, dismiss the complaint as to the other defendant, although he might have done so at the trial. For these reasons we think the order appealed from should be affirmed, with costs. All concur.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

