SARAH KIRBY, Respondent, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY and DELL BROWN, Appellants.

*Negligence — joint and several liability of wrongdoers — a jury may find in favor of one and against another defendant.*

The liability of wrongdoers is both joint and several; and in an action predicated upon negligence, where two or more persons are sued together, a jury may find in favor of one defendant and against another.

APPEAL by the defendants, The President, Managers and Company of the Delaware and Hudson Canal Company, and by the defendant Dell Brown, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 25th day of November, 1894, upon the verdict of a jury rendered after a trial at the Rensselaer Circuit, and also from an order bearing date the 19th day of November, 1894, and entered in said clerk's office, denying the defendants' motion for a new trial made upon the minutes.

*Lewis E. Carr*, for the appellant railroad company.

*John H. Peck*, for the appellant Brown.

*Charles E. Patterson*, for the respondent.

HERRICK, J.:

The action against the defendants is one founded upon alleged negligence; in such cases the plaintiff may proceed against any one, all or such number of the wrongdoers as he may choose. (*Roberts v. Johnson*, 58 N. Y. 613.)

The liability is a joint and several liability. (*Kain v. Smith*, 80 N. Y. 458–468.)

In action of tort, where two or more are sued together, a jury may find in favor of one defendant and against the other. (*Lansing v. Montgomery*, 2 Johns. 382; *Drake v. Barrymore*, 14 id. 166; *Lockwood v. Bull*, 1 Cow. 322; *Beal v. Finch*, 11 N. Y. 128–134.)

In this case the legal relations between the plaintiff and the defendant Brown, and between the plaintiff and the defendant rail-

road company, were different; and it seems to me, therefore, that this is peculiarly a case where the above-cited rules are applicable, and where it might well be held that the jury had the power, if they thought the evidence justified them, to hold one defendant responsible and the other not.

Upon the trial, in charging the jury, the court said: "I think they cannot find against one and in favor of the other under the testimony in this case;" to which exception was taken.

That, I think, was error sufficient to call for a reversal of the judgment; that being so, there is no occasion at this time to examine the other questions argued upon this appeal.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.