(81 App. Div. 559.)

PEOPLE v. HAISCHER.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. RAPE—CORROBORATION OF FEMALE.

　　Pen. Code, § 283, provides that no conviction can be had for rape on the testimony of the female, unsupported by other evidence. In a prosecution for rape, alleged to have been committed at certain clubrooms, a physician testified that complainant was pregnant. Complainant's mother testified that she recalled the circumstances of her daughter going to the club; that defendant came to her house that evening, and went off with complainant, and returned later. Complainant's brother testified that defendant came to the house one night, and that complainant went away with him; and another witness testified that she had seen defendant and complainant together on the streets, and mentioned two occasions when they were walking together, and that once they met on a street car. *Held* no corroboration whatever.

　　Williams, J., dissenting.

Appeal from Steuben County Court.

Victor Haischer, Jr., was convicted of rape, and appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

W. J. Cheney, for appellant.
W. W. Clark, for the People.

NASH, J. The complainant testified to the fact constituting the crime. She says that, upon the invitation of the defendant, she went with him to the clubrooms on the evening of January 15, 1901; that the defendant called for her at the house of her parents, in Corning, and from there they went together to the clubrooms; that the entire building was dark when they went in; that the defendant lit a light in the billiard room, and in a little room where the sexual intercourse was had; that at the time they went into the building there was no one else there; that after they had intercourse there was a rap on the door, which was unlocked by the defendant, and the other boys came in. The boys, she says, did not remain very long, and after they went away she and the defendant left. The question here is whether the complainant was sufficiently corroborated, as required by the statute. Pen. Code, § 283. The prosecution called four other witnesses: Dr. Argue, who testified that the complainant was pregnant. Mrs. Robbins, the mother of the complainant, who testified that she recalled the circumstance of her daughter going to the club; that the defendant came that evening; and that he and her daughter Martha went off together, and she returned about half past 9. Harold Robbins, a brother, younger, testified that the defendant came to their home one night the winter before, and his sister went away with him. Kate Gridley, a young lady, testified that she had seen the defendant and complainant together on the streets, and mentioned two occasions in the winter before when they were walking together, and once they met on a street car. This cannot be said to be any corroboration whatever. In People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236, Ruger, C. J., stated the rule as follows:

"In cases where corroboration is required, there has been some diversity of opinion in the authorities as to the particular facts which should be corroborated, and the extent of the corroboration needed in order to comply with the rule; but it is now conceded to be the general rule that it should tend to show the general facts necessary to establish the commission of a crime, and the identity of the person committing it."

He quotes with approval the rule as to corroboration of an accomplice as stated in Roscoe's Criminal Evidence, 122, as applicable:

"That there should be some fact deposed to, independently altogether of the evidence of the accomplice, which, taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it."

The statute is silent as to what circumstance of corroboration is required. The provision is that no conviction can be had upon the testimony of the female, unsupported by other evidence. This implies that there must be some support. Van Brunt, P. J., in People

v. Cullen, 53 Hun, 629, 5 N. Y. Supp. 886, where a conviction was af-
firmed, said:

"The true rule is that where there is some evidence fairly tending to
support the complainant as to some material part of the crime charged, so
that a conviction will not rest entirely upon the testimony of the complain-
ant, it is the duty of the court to submit the question to the jury."

In effect, it is there said that there must be some evidence fairly
tending to support the complainant as to some fact which connects the
defendant with the commission of the crime. People v. Elliott, 106
N. Y. 288, 12 N. E. 602. The fact that the defendant and complain-
ant were at times in company with each other cannot be regarded as
corroborative of improper relations. Pregnancy is evidence merely of
intercourse had with some one by the complainant. Strike out the tes-
timony of the complainant, and there is nothing left of the case impli-
cating the defendant. In People v. Terwilliger, 74 Hun, 310, 26
N. Y. Supp. 674—the case relied upon, by the respondent—there was
evidence of facts and circumstances other than as deposed to by the
female, which the majority of the court held tended to prove that the
defendant was the person who committed the crime, connecting him
with the commission of the act itself; and there was also a disclosure
within the proper time, which was held to be some corroboration.
The court there recognized the rule stated in the Plath Case—that
there must be proof given, aside from the testimony of the female,
tending to establish the commission of the crime by the defendant,
before a conviction can lawfully be had. The corroboration here is
simply as to the fact that the defendant and the complainant went to-
gether to the clubrooms, or left the home of the complainant's parents
together for the purpose of going there. It is conceded that they were
at the clubrooms together on an evening in January; the date only
being in dispute—the complainant claiming it was on the evening of
the 15th; the defendant, that it was on the 4th. Whether it was on
the 4th or 15th is of itself unimportant. The material fact to be
proved, and as to which corroboration of the complainant is required,
is the alleged sexual intercourse; and as to that the narrative of three
witnesses, other than that of the defendant, is to the effect that it did
not take place. The complainant was there but once, and these wit-
nesses testify that they were in the clubrooms when the prosecutrix
and defendant came there together. But whether it was on the
15th or 4th, the complainant is without support as to the alleged act
of intercourse. The court below erred in submitting the case to the
jury. The judgment must therefore be reversed.

Judgment of conviction reversed, and new trial ordered.

McLENNAN, J., concurs. WILLIAMS, J., dissents. SPRING
and HISCOCK, JJ., concur in result upon the ground that the verdict
is contrary to the evidence.