IDA E. BOPP, an Infant, by JOHN H. BOPP, her Guardian ad Litem, Respondent, *v.* NEW YORK ELECTRIC VEHICLE TRANSPORTATION COMPANY and J. F. OTTO MEYER, Doing Business in the City of New York under the Name of OTTO MEYER & COMPANY, Appellants.

*Trial — motion for a nonsuit and for the direction of a verdict — although erroneously denied, the error is waived by proceeding further with the trial, the subsequent testimony in which establishes a case against the plaintiff — an error in the charge that a verdict might be rendered against both defendants' waived — evidence of injury not competent because not pleaded held to be admissible in support of injuries which were pleaded.*

An action, predicated upon negligence, to recover damages for personal injuries sustained by the plaintiff, was brought against an electric vehicle company and a brewer. At the close of the plaintiff's proof and at the close of the vehicle company's case, the evidence was insufficient to warrant a finding of

negligence on the part of the vehicle company.  Notwithstanding this, the court denied the vehicle company's motion for a nonsuit made at the end of the plaintiff's case, and also the vehicle company's motion for the direction of a verdict made at the close of its case.  After the denial of such motions and the taking of exceptions thereto, the vehicle company continued to participate in the trial; cross-examined the witnesses produced by its co-defendant, and made a motion, at the close of the case, for judgment in its favor and presented its case to the jury.

The testimony given by the defendant brewer tended to establish that the vehicle company was guilty of negligence.

*Held,* that, although error was committed in denying the vehicle company's motion for a nonsuit and its motion for the direction of a verdict, the vehicle company having continued to participate in the trial after the denial of such motions, and a case having been made against it, the error was cured, and the vehicle company was required to meet the case so made;

That while, upon the facts adduced at the trial, the defendants would have been entitled to have the jury charged that but one of the defendants could be held liable, they could not, having failed to request such a charge and having neglected to take any exception to the action of the court in instructing the jury that they might find a verdict against either or both of the defendants, question the propriety of the court's action in this respect;

That evidence of an injury to the plaintiff's eye, which was not competent for the purpose of establishing a basis for a claim of damages because it was not pleaded, was competent when offered solely for the purpose of establishing a manifestation of injuries received which had been properly pleaded.

INGRAHAM, J., dissented.

APPEAL by the defendants, the New York Electric Vehicle Transportation Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1902, upon the verdict of a jury for $1,500, and also from orders entered in said clerk's office respectively on the 9th day of April, 1902, and on the 10th day of April, 1902, denying said defendants' motions for a new trial made upon the minutes.

*Eugene Lamb Richards, Jr.,* for the appellant New York Electric Vehicle Transportation Company.

*Carl Schurz Petrasch,* for the appellant Meyer.

*Frank H. Smiley,* for the respondent.

HATCH, J.:

This action was brought to recover damages sustained by the plaintiff while riding in a vehicle of the electric company.  It was

disclosed by the evidence that the plaintiff and two other women were being carried down Eighth avenue, and at about the intersection of Thirty-eighth street the vehicle and a beer truck collided, the effect of which was to throw the plaintiff violently against the dashboard of the vehicle, from which she suffered injuries. The testimony upon the part of the plaintiff's witnesses tended to show that the person in control of the vehicle turned out to pass the beer truck, and as the hind wheel of the vehicle came opposite the front wheel of the beer truck, the driver of the truck suddenly turned, causing the front wheel of the truck to come in contact with the rear wheel of the vehicle, throwing it around and causing it to come in contact with a trolley car going north. The vehicle and the beer truck were both proceeding south.

When the plaintiff rested she had undoubtedly established a case against the defendant Meyer, who owned the beer truck, which called for its submission to the jury upon the question of negligence and damages. There was no claim of contributory negligence by the plaintiff in the case. As to the vehicle company, it is quite difficult to see any basis upon which liability against it could be founded, and its evidence still further tended to establish a case exonerating it. After the case of the plaintiff and the vehicle company was in, the defendant Meyer, upon his part, proceeded to show that the beer truck was being driven in a lawful manner along the street; that it had turned out to pass a van backed up against the curb, which was necessary in order to obtain a passage around the van; that as it turned out, the vehicle, going at a high rate of speed, ran into the wheel of the beer truck and that its act in so doing resulted in the accident. When the witnesses for the defendant Meyer had finished their testimony a case was presented upon which the jury might exonerate him from liability, and one was made sufficiently strong to carry it to the jury as to the negligence of the vehicle company.

It is well settled that the liability of wrongdoers is both joint and several, and in an action predicated upon negligence, where two or more persons are jointly sued and concurrent acts of negligence are established, a recovery can be had against both. (*Sternfels* v. *Metropolitan St. R. Co.*, 73 App. Div. 494.) If the concurrent act resulting in the injury be not established the jury may exon-

erate one and find against the other. (*Kirby* v. *D. & H. C. Co.*, 90 Hun, 588.)

At the close of the plaintiff's proof in the present case, we think the evidence was insufficient upon which to found the negligence of the defendant vehicle company, and had the court so ruled and dismissed the complaint as to it, the ruling would doubtless have been sustained, and the same result could have been reached at the close of the evidence on the part of the vehicle company, as the proof which it gave strengthened the case in its favor. The exception taken by the vehicle company to the ruling of the court made upon its motion for a nonsuit and also upon the denial of its motion for the direction of a verdict is unavailing for the reason that after its motion had been made and denied the defendant vehicle company continued to remain in the case, participated in the trial, cross-examined the witnesses produced by the defendant Meyer, made a motion at the close of the case for judgment in its favor, and presented its case to the jury. The plaintiff had the right to rely upon any testimony in the case, whether produced by her or by either or both of the defendants, and if, when the proofs were all in, a case was presented upon which the jury were authorized to find negligence against the defendant vehicle company, it was entitled to have such question submitted to the jury, and the motions theretofore made by the defendant vehicle company are unavailing, even though error was committed in denying them in the first instance, as such error was cured by the case subsequently made against it. The vehicle company was not, therefore, aggrieved by the ruling. Had the vehicle company stood upon the case made by the plaintiff and by it, relying upon the exception which it took to the denial of the motion for a nonsuit and to dismiss the plaintiff's complaint, and withdrawn from the case at that time and ceased to participate therein thereafter, a different question would be presented, but as it participated thereafter in the trial and a case was made against it, it was required to meet that case, and the case, as made, required its submission to the jury.

Upon the evidence in the case, however, there is great difficulty in spelling out wherein, taking the whole proof together, it was established that there were concurrent acts of negligence of the two defendants producing the injury. The proof given is inconsistent

with such relation.   If the story of the plaintiff and the witnesses
for the vehicle company be true, then it follows that it was guilty
of no negligence, either in the discharge of any duty which it owed
to the plaintiff or otherwise.   If the testimony upon the part of the
defendant Meyer is to be believed, then the driver of the truck was
guilty of no negligence, as it tended to establish that he was acting
in a lawful manner, infringed upon no other person's rights, and
that the accident was solely due to the negligence of the vehicle
company in colliding with the truck.   Under these circumstances,
it is difficult to see how it can be said that the injury was the result
of the concurrent acts of these two defendants.   It, therefore, became
the duty of the court, in submitting the case to the jury, to charge
that the plaintiff was entitled to recover against the defendant found
to be guilty of negligence; that, as it was not established from the
proof that there were concurrent acts of negligence, the jury were
called upon to determine which one was the real party at fault, and,
so finding, award damages in favor of the plaintiff against it or him
and exonerate the other.   We think such a case upon the facts was
presented, and that the court would have been required, if called
upon so to do, to submit the case to the jury upon such theory.
The question, however, is not available to either of the defendants
upon this appeal.   The court did submit the question to the jury
as to the negligence of the defendants, and charged that they might
find one guilty and exonerate the other, or that they could find
both guilty of negligence and charge both.   No exception was
taken to this charge or to the submission which was made in this
respect; consequently the defendants must be held to have acqui-
esced therein, and cannot now be permitted to predicate error
thereon.

The only other question in the case which requires attention
relates to the admissibility of the evidence bearing upon the injury
to plaintiff's eyes.   It is clear that this testimony was not compe-
tent for the purpose of establishing injury to the eye, as a source of
damage, as it is not pleaded.   The objection raises such question.
The answer, however, to this claim is that it was not offered for
the purpose of showing injury to the eye as a basis for a claim for
damages, but it was received solely for the reason that it was a
manifestation of the injuries which she received, which were prop-

erly pleaded, and upon which the plaintiff was entitled to recover. The court carefully guarded and limited this proof to the purpose for which it was offered. It is no objection to evidence which is offered for the purpose of establishing an injury, which is properly pleaded, to show wherein and how such injury manifests itself and what are its legitimate effects. The evidence in the present case warranted the conclusion that the injury which was sustained, as averred in the complaint, as one of its results, affected the eyes of the plaintiff. We think, therefore, that the evidence was competent for such purpose. It is evident in view of the moderate character of the verdict that the jury were not prejudiced against the defendants by any of the rulings which were made upon the trial, including the one to which attention has been called.

No reversible error is presented in the case. The judgment and order should, therefore, be affirmed, with costs.

Van Brunt, P. J., Patterson and Laughlin, JJ., concurred; Ingraham, J., dissented.

Ingraham, J. (dissenting):

I dissent from the affirmance of this judgment. It is conceded in the prevailing opinion that when the plaintiff rested she had established a case against the defendant Meyer which called for its submission to the jury upon the question of negligence and damages, but as to the vehicle company there was no evidence to justify the submission of the case against it to the jury. It is also clear from the whole evidence that there was no justification for a finding of concurrent negligence of these defendants which caused the injury. If the evidence offered on behalf of the plaintiff and the vehicle company was believed, the jury would have been justified in finding a verdict against the defendant Meyer; and assuming that the evidence of the defendant Meyer would have justified the jury in finding a verdict against the vehicle company, if the defendant Meyer was guilty of negligence the vehicle company was not liable, and, conversely, if the evidence justified a finding against the vehicle company, the defendant Meyer was not liable; and this is also conceded in the prevailing opinion. It is held, however, that this question is not available to either of the defendants upon this appeal, as neither defendant excepted to the charge that the jury

could find both defendants guilty and charge both. After the verdict was rendered each defendant separately made a motion to set aside the verdict and for a new trial upon the ground that the verdict was excessive, contrary to the evidence, contrary to law, and upon the exceptions taken during the trial. These motions were both denied by separate orders and from these orders both defendants appeal. I think the appeal from these orders raised the question as to whether the evidence was sufficient to sustain a joint verdict against both defendants. The verdict was a joint one and cannot be sustained as such against both defendants unless there is evidence to sustain a finding of a concurrent act resulting in the injury, and that in the absence of such evidence it was the duty of the court to set aside the verdict as against the weight of evidence, or as without evidence to sustain it. The fact that the defendant Meyer to exonerate himself introduced evidence which contradicted that of the plaintiff and the vehicle company, and which, if believed, would justify an independent verdict against the vehicle company, would certainly not justify a joint verdict against both defendants, as that could only be sustained by evidence which would justify the jury in finding that the injury was caused by an act of negligence of which both defendants were guilty. It is conceded that there is no such evidence in this case. We have here a joint verdict against both defendants which it is conceded is wrong as against one of them. I think, therefore, that the orders refusing to set aside the verdict and grant a new trial should be reversed and a new trial granted.

I also think that the verdict against the vehicle company is against the weight of evidence, and that taking the evidence as a whole the jury were not justified in finding a verdict against that company, and for this reason the judgment as against the vehicle company should be reversed.

Judgment and order affirmed, with costs.