---

PEOPLE v. MONROE.

(Supreme Court, Appellate Division, Third Department. May 24, 1907.)

CRIMINAL LAW—REVIEW—HARMLESS ERROR—CONVICTION OF WRONG DEGREE.
    Where, in a prosecution for robbery, the judge failed to fully instruct the jury as to the different degrees of the offense, to which failure counsel for accused took no exception, and the jury found him guilty of the crime, although improperly named as in the first, rather than the second, degree, the conviction should not for that reason be set aside, where the punishment inflicted was far within the punishment prescribed for either degree of the crime.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 3085, 3179.]

Appeal from Albany County Court.

George E. Monroe was convicted of robbery in the first degree, and appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and SEWELL, JJ.

Rollin B. Sanford, for appellant.

George Addington, for the People.

SMITH, P. J. By the indictment the defendant Monroe and one William Barry were accused of the crime of robbery in the first degree. It was charged that the said Monroe and said Barry jointly, each being the accomplice of the other and actually present at the time, did feloniously assault one Colbert, and did feloniously steal, take, and carry away from the person of said Colbert, against his will, by means of force and violence, certain moneys, to wit, the sum of $8. Upon the trial Colbert swore that Monroe and Barry assaulted him upon Liberty street, in the city of Albany, about 12 o'clock on the night of the 16th of August, 1906, and by violent means took from him about $8 in money. By the evidence of two policemen, who were near the place and afterwards arrested the defendants, there were four people together. No one testified to the robbery except the complainant himself. An explicit denial is made by both of the defendants. The learned county judge charged the jury that the defendants were charged with robbing the complainant Colbert, and described in detail the evidence of Colbert as to how he was robbed by the defendants jointly, and then charged:

"If you find one of the defendants guilty and the other not guilty, you should return such a verdict, specifying the one who is guilty and the one who is not guilty. If you find the defendants both guilty, then your verdict should conform to such findings. If you find both of the defendants not guilty, then your verdict should be in favor of both defendants."

After this charge the jury found the defendant Monroe guilty as charged, and found the defendant Barry not guilty. Thereupon the defendant Monroe was sentenced to three years in the Albany County Penitentiary, and the case is now before this court upon his appeal.

By section 224 of the Penal Code robbery is defined, as far as material to this controversy, as the unlawful taking of personal property from the person of another, against his will, by means of force or violence. By section 228 such robbery is in the first degree when committed by one armed with a dangerous weapon, or aided by an accomplice actually present. By section 229 robbery in the second degree is an unlawful taking, accomplished by force or fear, when not under circumstances amounting to robbery in the first degree, but accomplished either, first, by the use of violence, or, second, by putting the person in fear of immediate injury to his person. By section 230 robbery in the third degree is any crime of robbery which does not come within the definition of robbery in the first or second degree. The punishment for robbery in the first degree is for a term not exceeding 20 years; in the second degree for a term

not exceeding 15 years; in the third degree for a term not exceeding 10 years.

There was no claim upon the trial, and no evidence, that the defendant had with him a dangerous weapon, and upon the evidence he could only be convicted of robbery in the first degree by a finding of the jury that the robbery was committed by violence or fear, with the aid of an accomplice actually present. The indictment charged that the robbery was committed by Monroe, with Barry as an accomplice assisting him. The jury have found that Barry did not assist in the robbery. The people cannot sustain the conviction upon the theory that one of the other parties in the crowd was the accomplice of Monroe. No such question has been submitted to the jury or determined by them. Until the jury have determined that the defendant Monroe committed this robbery with the aid of an accomplice actually present, he could not properly be convicted of robbery in the first degree.

By section 444 of the Code of Criminal Procedure it is provided that, upon an indictment for a crime consisting of different degrees, the jury may find the defendant "not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the crime." Under the charge of the court the jury have determined that the defendant Monroe did commit robbery by means of force and violence. The jury were not told that, in order to convict him of robbery in the first degree, the robbery must have been committed by the defendant with an accomplice actually present; nor were the jury told that they might convict the defendant of any lesser degree of the crime charged, although the jury were told that the defendant might be found guilty, even if Barry were found not guilty. The defendant's counsel made no complaint of this manner of the presentation of the case to the jury, and did not ask a charge that, in order to convict of the crime charged, the robbery must have been committed with the aid of an accomplice actually present. It is apparent that, if the jury had been instructed upon these points, they would have returned a verdict of guilty of robbery in the second degree against Monroe, instead of robbery in the first degree. They have necessarily found the defendant Monroe guilty of every element of the crime of robbery in the second degree, and we may assume that the trial judge sentenced him for the only crime of which defendant could be found guilty under the charge delivered.

The question is then presented whether this conviction must be set aside and a new trial granted, when it was strictly in accordance with the charge made by the trial judge and constituted a finding of every element of robbery in the second degree.

By section 542 of the Code of Criminal Procedure it is provided that after hearing the appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

In People v. Kerns, 7 App. Div. 535, 540, 40 N. Y. Supp. 243, 245, it is said:

"This statute goes beyond mere technical errors and defects, such as were cured by the statute of jeofails. 2 Rev. St. 728, § 52. It commands the court

not to reverse a conviction unless the substantial rights of the defendant have been infringed."

I am not in sympathy with a technical construction of the criminal law, which would go to release a criminal found guilty of every element of a crime, although, perchance, improperly named as in the first, rather than in the second, degree, where the punishment inflicted is far within the punishment prescribed for either degree of the crime. The failure of the jury to properly name the degree of the crime arose from the failure of the trial judge to fully instruct them upon the nature of the crime for which the defendant was being tried, to which failure defendant's counsel took no exception at the trial. No injustice has been done, no substantial right has been infringed, and the conviction should in my judgment be affirmed. All concur; KELLOGG, J., in memorandum.

JOHN M. KELLOGG, J. I concur in the result. The defendant was convicted of robbery in the first degree. The mere fact that the punishment inflicted was such as might follow a conviction of robbery in the second degree does not warrant an affirmance of the conviction, if it is determined that the defendant was not guilty of robbery in the first degree as charged, but might have been guilty of robbery in the second degree. The question is whether the evidence justified the conviction of the crime charged—not whether it justified a conviction of a crime not charged, and not found against the defendant, the punishment of which is no greater than the one inflicted.

The evidence tends to show that the defendant Barry and two other men were upon the street together, and when the complainant approached them one man seized his arms from the rear and another robbed him of $8. The police came, and the two defendants were arrested. An attempt was made to arrest the other two persons present, but they escaped. The officer had seized the coat of one of them; but he tore away, leaving part of the coat with the officer. The defendants were strangers to the complainant. After his money was taken and the men let go of him, the complainant says he saw their faces, and after the defendants were arrested he recognized them as the men. Upon search of Monroe $1 and some small change was found in his trousers pocket. Upon a second search four $1 bills were found in a small wad pressed in one of the upper corners of the pocket. Upon a search of Barry but 18 cents were found.

The acquittal of Barry does not show the innocence of the defendant, and is not so inconsistent with the conviction of the defendant that the conviction must fail. The evidence is quite satisfactory that Monroe is one of the parties who took the complainant's money. It is not clear which of the other three persons present were participants in the act. Neither is it clear that all three participated in the act. The evidence sufficiently shows that, aided by an accomplice actually present, the defendant committed the act charged. The jury have found that Barry did not assist him, or, if he did assist him, was not responsible for his acts. The identity of the particular one of the three persons present who actually assisted the defendant is not clear, nor is it very material. In People v. Massett, 7 N. Y. Supp.

839, 55 Hun, 606, relied upon by the appellant, it is clear that, if any crime was committed, it was committed by the three persons acting together, and it was held that an acquittal of the two was inconsistent with the conviction of the third, and the conviction was therefore set aside. But under the circumstances of this case the acquittal of Barry is not inconsistent with the defendant's guilt.

The conviction and judgment should therefore be affirmed.