(151 App. Div. 756.)

PANGBURN v. BUICK MOTOR CO. et al.

(Supreme Court, Appellate Division, Third Department.    June 27, 1912.)

1. MASTER AND SERVANT (§ 329*)—ACTION FOR INJURY TO THIRD PERSON—
COMPLAINT.
    The complaint, in an action against B., a corporation, and G., al-
leging that G., driving on a public street an automobile, the property
of B., ran into plaintiff, and that defendant, its servants or agents,
so negligently drove the automobile that plaintiff was struck thereby,
in the absence of any requirement to make more definite, is sufficient
to admit evidence that G. was the negligent servant, and was at the
time of the accident engaged in the business of B.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1268, 1269; Dec. Dig. § 329.*]

2. APPEAL AND ERROR (§ 864*)—REVIEW—SCOPE.
    Appeal from the judgment alone, in an action of tort tried by a
jury, brings up for review by the Appellate Division only questions
of law arising on exceptions taken during the trial; questions of fact,
and so whether the verdict was against the weight of evidence, being
raised only by a motion for new trial, and, if it is denied, an appeal
from the order.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§
1765–1767, 3456–3461; Dec. Dig. § 864.*]

3. MASTER AND SERVANT (§ 332*)—INJURY TO THIRD PERSON—ACT OF SERV-
ANT IN BUSINESS OF MASTER—EVIDENCE.
    Evidence, in an action for being run into by an automobile driven
by an employé of its owner, held sufficient to go to the jury on the
question of his having been engaged in running it in the business of
the master at the time of the accident.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1274–1277; Dec. Dig. § 332.*]

4. JUDGMENT (§ 239*)—AGAINST COPARTY—INCONSISTENCY IN VERDICT.
    Inconsistency of the verdict, in an action against master and serv-
ant, in finding against the master and for the servant, when the mas-
ter could be liable only if the servant was negligent, does not render
void the judgment against the master.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 417; Dec.
Dig. § 239.*]

5. APPEAL AND ERROR (§ 864*)—REVIEW—SCOPE.
    The judgment against the master sued with its servant for negli-
gence of the servant, not being void because of inconsistency of the
verdict in finding against the master and for the servant, cannot be
disturbed, because of such inconsistency, on appeal from it alone; but
that such inconsistency may be available on appeal, appeal must be
taken from an order denying the master's motion to set aside the ver-
dict therefor, that the appellate court may exercise its discretion and
pass on the propriety of the order.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§
1765–1767, 3456–3461; Dec. Dig. § 864.*]

6. APPEAL AND ERROR (§ 883*)—REVIEW—INVITED ERROR.
    Even if the appellate court had power on appeal from the judgment
alone to set it aside because of the inconsistency of the verdict in
finding against the defendant master, and no cause of action as to
the defendant servant, when the master could be liable only if the
servant was negligent, it ought not to; the charge that if the jury
should find one . of the defendants was negligent, and the other not
negligent, verdict might be against one and not against the other, not

having been excepted to by the master, but it having added "and for the other it will be of no cause of action."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Alfred Pangburn against Walter N. Grounsell and the Buick Motor Company. From the portion of the judgment entered on the verdict in favor of plaintiff, defendant company appeals, and from the portion thereof entered on the verdict for defendant Grounsell, and from the order denying plaintiff's motion to set aside such verdict and for a new trial as to said defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Andrew J. Nellis, for appellant Buick Motor Co.
William L. Visscher, for respondent and appellant plaintiff.

HOUGHTON, J. The action is to recover damages for injuries sustained in being run over in one of the public streets of the city of Albany by a racing automobile owned by the defendant Buick Motor Company, driven by the defendant Grounsell. The plaintiff joined as defendants both the owner and the driver. The jury rendered a verdict in favor of the plaintiff against the company and against the plaintiff in favor of the driver. Although the defendant company made a motion on the minutes of the trial court to set aside the verdict and for a new trial, which motion was denied, it appeals from the judgment alone. The plaintiff made a similar motion with respect to the verdict in favor of Grounsell, the driver, which motion was denied, and he appeals both from the judgment and the order; but by stipulation on the argument such appeal by plaintiff was not argued, but was reserved.

[1] At a proper time during the progress of the trial the defendant company objected to proof of the fact that Grounsell was in its employ or engaged in its business at the time of the accident on the ground that there were no such allegations in the complaint. The court ruled that the allegations were sufficient to permit such testimony, and, after excepting to such ruling, it was admitted, subject to such objection and exception, that Grounsell was the agent and manager of the Buick Motor Company in the city of Albany at the time of the accident; but no such admission was made with respect to the fact that he was engaged in the business of the company when the accident occurred.

We think the ruling of the learned trial court as to the sufficiency of the complaint was correct. The pleader divided his complaint into paragraphs. The first paragraph alleged the incorporation of the motor company in a foreign state and the fact that it was doing business in this state and had an office for the transaction of business in the city of Albany. The second alleged that the defendant Groun-

sell was a resident of such city, and the third set forth that, while the plaintiff was lawfully engaged in the transaction of his business on one of the public streets in such city:

"The defendant Walter N. Grounsell, driving a racing automobile, the property of the defendant the Buick Motor Company, struck the plaintiff and carried him a considerable distance upon the forward part of said automobile, and then it dropped the plaintiff, and said machine ran over the plaintiff and across his stomach."

The fourth paragraph was as follows:

"That the defendant, its servants or agents, so carelessly and negligently and recklessly drove and managed said automobile that by reason of said careless, negligent, and reckless management of said automobile this plaintiff was struck and run over by said automobile."

The fifth paragraph related to the injuries received; the sixth the lack of negligence on the part of the plaintiff, with a further statement that the injuries were solely caused by the negligence of the defendants, its agents or servants. The seventh paragraph stated as to plaintiff's health prior to the accident, and the eighth as to expenses which he had incurred by reason of his injuries. The answer, joined in by both defendants, specifically denied the fourth, fifth, and sixth paragraphs of the complaint, and any knowledge or information sufficient to form a belief as to the seventh and eighth, and further set forth that the plaintiff was heedless of the fact that the automobile described in the complaint was lawfully approaching at a reasonable rate of speed, defendant Grounsell giving warning of its approach, and carelessly and heedlessly stepped in front of the same in such manner as made it impossible for Grounsell to see him or avoid running over him.

By failure to deny them the defendants admitted the first three paragraphs of the complaint, amongst the allegations of which was the one that Grounsell was driving an automobile owned by the defendant company when it struck the plaintiff. This part of the complaint, which was admitted, did not allege that Grounsell was the servant or agent of the company, but the fourth paragraph did allege that the accident was caused by the negligence and recklessness of the defendants or its servants or agents. In the absence of any requirement to make the complaint more definite and certain, it was not necessary for the plaintiff to plead the name of the servant or agent of the company, who was driving the automobile, or to specifically plead that while so doing he was engaged in the business of his master. While the complaint might have been more artistic, we think it was sufficient to permit proof of the name of the servant and of whether or not he was engaged in the business of the master at the time of the happening of the accident.

The defendant company has purposely refrained from appealing from the order denying defendant's motion upon the minutes of the court to set aside the verdict of the jury and for a new trial.

[2] In actions of tort tried by a jury, an appeal from the judgment alone brings up for review by the Appellate Division only questions of law arising upon exceptions taken during the trial. Collier v. Col-

lins, 172 N. Y. 99, 64 N. E. 787. Questions of fact in such a case are not raised by any exception on the trial, but only by a motion for a new trial and an appeal from the order if the motion is denied. Allen v. Corn Exchange Bank, 181 N. Y. 278, 73 N. E. 1026. The question whether the verdict is against the weight of evidence, therefore, is not before us on this appeal from the judgment alone. Ten Eyck v. Witbeck, 55 App. Div. 165, 66 N. Y. Supp. 921.

[3] In our view the evidence was sufficient to authorize the jury to pass upon the question as to whether the automobile was being driven with proper care, and whether the plaintiff was guilty of contributory negligence, and whether or not Grounsell was engaged in the business of the defendant company at the time of the happening of the accident. The only doubt at all is with respect to the last proposition. Grounsell was the manager of the business of the company in the city of Albany. From the facts proved it is fair to assume that that business related to automobiles. Automobile men in company with Grounsell had been in conference, and they boarded the machine which was in his charge and which belonged to the company, and started to inspect the availability of a track for racing automobiles, apparently with a view to a race or some sort of automobile exhibition. While the defendants called Grounsell as a witness, after having admitted that he was the manager and agent of the company, they were careful not to ask him whether he was engaged in the business of the defendant company at the time of the accident, and the plaintiff was equally wary of so doing. The plaintiff, too, was entitled to such inference as might legitimately be drawn from the fact that Grounsell was the manager of the defendant company's business and had its racing automobile in charge and undoubtedly the right to do with it whatever he might think would inure to the benefit of his company. All these facts and circumstances were, we think, sufficient to permit the jury to find that Grounsell was engaged in running the automobile in the business of his master when the accident occurred, and the court did not err therefore in refusing to grant defendant's motion for a new trial.

[4, 5] The most serious question, and the one which has given us the most trouble, is the inconsistency of the verdict of the jury in finding substantial damages against the defendant company and a verdict of no cause of action in favor of the driver through whose negligence the accident occurred and through whom alone the defendant company could be made to respond in damages.

The plaintiff could have sued the company alone or Grounsell alone, or brought action against both of them as he did. The liability of wrongdoers to the person injured is several as well as joint. Kain v. Smith, 80 N. Y. 458. Where several are joined as defendants, although they all join in the same answer and set up the same defenses, it is the privilege of each defendant to have his case passed on by a jury, and he is entitled to have charged that the jury may find in favor of one or more of the defendants even if they do not find in favor of all. Kenyon v. Sherman, 40 N. Y. Super. Ct. 363. Where two defendants are guilty of conversion, a verdict against one alone is not irregular. Kaufman v. People's Warehouse Co., 10 Misc. Rep.

53, 30 N. Y. Supp. 813. So in trespass, although both be guilty. Lansing v. Montgomery, 2 Johns. 382. The same rule applies to actions for negligence. Kirby v. D. & H. C. Co., 90 Hun, 588, 35 N. Y. Supp. 975; Walsh v. N. Y. C. & H. R. R. Co., 204 N. Y. 58, 97 N. E. 408. Where the jury by their verdict attempt to sever the damages and find a small amount against one defendant and a larger amount against the other, the plaintiff is entitled to enter judgment against all for the larger amount and disregard the severance. Beal v. Finch, 11 N. Y. 128; Post v. Stockwell, 34 Hun, 373. Or on the rendering of such a verdict of severance the plaintiff can submit to a nonsuit as to all of the defendants except the one against whom the larger amount has been assessed. O'Shea v. Kirker, 8 Abb. Prac. 69. In an action for wrongful detention against three defendants, the fact that the jury disagrees as to one does not affect their verdict against the others and is not prejudicial to them, although the complaint alleges a conspiracy between all the defendants. Lockwood v. Bartlett, 7 N. Y. Supp. 481.[1]

Most of the above cases arose in actions for assault, conversion, and trespass, and the like; but in Moore v. Fitchburg Railroad Corporation et al., 4 Gray (Mass.) 465, 64 Am. Dec. 83, the conductor of a passenger train and the railroad itself were sued. And in Illinois Central Railroad Co. v. Murphy, 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352, the engineer and the railroad company were sued. In each case the jury rendered a verdict of no cause of action in favor of the servant and a verdict of substantial damages against the company. On appeal it was held that the company, being severally liable as well as the servant, had no cause for legal complaint that the servant was not held as well as itself, because the plaintiff was entitled to his judgment in any event, and he alone could complain that all the wrongdoers were not held responsible.

From these authorities it is plain that the judgment entered on the present verdict is not void. True it is an unseemly verdict for the jury to render, for they were instructed that they could not find a verdict against the motor company unless they found that the servant Grounsell was negligent in the management of the automobile. It is likewise true that the verdict indicated an inclination on the part of the jury to hold a corporation in damages where it would exonerate an individual. Such a situation would appeal strongly to the court as a reason for setting aside the verdict; but such circumstance does not make the judgment entered on such a verdict void, and cannot be considered on an appeal from the judgment itself, unaccompanied by an appeal from the order denying the motion for a new trial.

The defendant company's motion to set aside the verdict was based only on the grounds specified in section 999 of the Code, and not upon the specific ground that the verdict was inconsistent. Even if the motion was broad enough to authorize the setting aside of the verdict because of its inconsistency and impropriety, the appellant has carefully refrained from allowing this court to exercise its discretion and pass

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 54 Hun, 636.

upon the propriety of the order refusing to set aside the verdict by purposely forbearing to appeal therefrom.

In Whittaker v. D. & H. C. Co., 49 Hun, 400, 3 N. Y. Supp. 576, and in Picard v. Lang, 3 App. Div. 51, 38 N. Y. Supp. 229, and in Griebel v. Rochester Printing Co., 8 App. Div. 450, 40 N. Y. Supp. 759, where new trials were granted because the trial judge submitted the case to the jury upon a wholly erroneous theory, notwithstanding there was no exception, there was an appeal from the orders denying the motion for a new trial as well as from the judgments; and People v. Munroe, 190 N. Y. 435, 83 N. E. 476, was a criminal case in which all intermediate orders are reviewable on an appeal from the judgment alone. This court on appeal from the judgment alone is in the same position the Court of Appeals found itself in Gray v. Brooklyn Heights R. R. Co., 175 N. Y. 448, 67 N. E. 899, where inconsistent verdicts were rendered in actions for negligence brought by husband and wife and tried together.

If the judgment entered on the present verdict could be held to be void, of course on an appeal therefrom this court would have the power to set it aside. In our view, it not being void, and the plaintiff having had the right to sue the company alone without the joining of its agent and manager, and there being sufficient evidence to warrant the submission of the various questions to the jury, we think we cannot set it aside if we would.

[6] We are of opinion, also, that we ought not to set it aside if we had that power, because of the course pursued by the defendant company on the trial. In the body of his charge, the court had told the jury that, if they should find that one of the defendants was negligent and the other was not guilty of negligence, then their verdict might be against one defendant and not against the other. The defendant company took no exception to this charge nor made any request in connection therewith; but, on the contrary, the court concluding his charge in these words, "If you find one defendant is liable and not the other, your verdict should be against that defendant alone and not against the other," defendant's counsel said, "And for the other it will be of no cause of action," to which the court responded, "Yes, that is true." It is manifest from this attitude that the defendant company took the chances of being exonerated by the jury and of obtaining a verdict in its favor and of having persuaded the jury that, if any verdict at all was to be rendered against either defendant, it should be only against the driver himself.

The verdict was not a special one under the provisions of sections 1187 and 1188 of the Code, as the appellant urges, in which the special finding was inconsistent with the general verdict. No special questions were submitted and no special findings were made. It was a general verdict respecting the two defendants.

It follows that the judgment appealed from by the Buick Motor Company must be affirmed, with costs. All concur, except KELLOGG, J., dissenting in memorandum.

JOHN M. KELLOGG, J. (dissenting). The theory of the plaintiff's case was, and the court charged, that the defendant Buick Motor Com-

pany was not liable, except for the negligence of Grounsell. The verdict of the jury established that Grounsell was not negligent. The judgment against appellant is contrary to the law of the case, and cannot stand. People v. Munroe, 119 App. Div. 704, 104 N. Y. Supp. 675; Id., 190 N. Y. 435, 83 N. E. 476. I favor reversal.