necessity to open or vacate the judgment for the full protection of the defendants in presenting their defense to these issues. So far as the defense pleaded in their answers applies to the standing timber which has been sold under the decree, we think they waived that defense by not presenting it at the trial, and that, so far as the standing timber is concerned, that issue has been determined against them; but it is not res adjudicata in respect to the timber cut and lying on the ground at the time the undertaking was given, for the judgment expressly reserves the determination of all issues as to this cut timber. Hence the defendants are now in a position to maintain any defense they now have, or which they had before the trial, as to that issue.

Our conclusion is that the order appealed from is right, and should be affirmed, with $10 costs and disbursements to the respondent. All concur.

LAMBERT, J., not sitting.

---

JEPSON v. INTERNATIONAL RY. CO.

(Supreme Court, Trial Term, Erie County. April 7, 1913.)

1. STREET RAILROADS (§ 78*)—TRAFFIC CONTRACTS—CONSTRUCTION.

Where the C. Street Railway Company owned the franchise, but defendant owned all of the stock, of the C. Company, and operated cars over the line under the "Milburn agreement," which merely permitted the roads to run cars over each other's lines interchangeably, both parties were jointly and severally liable for the wrongful acts of defendant's employés in operating the road.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 166–171; Dec. Dig. § 78.*]

2. STREET RAILROADS (§ 86*)—OBSTRUCTIONS CAUSING INJURY—NEGLIGENCE OR NUISANCE.

While a street railway company, which creates a dangerous situation on its tracks, as by placing obstructions thereon, is liable as for a nuisance to one injured thereby, if such conditions result from other causes, its failure to remove the obstruction involves the question of negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 150. 173, 183–185, 187; Dec. Dig. § 86.*]

Action by Alfred Jepson against the International Railway Company. On motion for new trial after judgment for plaintiff. Motion denied.

See, also, Jefson v. Crosstown St. Ry., 72 Misc. Rep. 103, 106, 129 N. Y. Supp. 233.

Roscoe R. Mitchell, of Buffalo, for defendant.
Hamilton Ward, of Buffalo, opposed.

POUND, J. This is an action to recover damages for personal injuries sustained by plaintiff through the negligence of defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff was thrown from the automobile in which he was riding very early on a Sunday morning, when the automobile collided with bundles of Sunday morning newspapers which had been dropped from a Main Street car and piled in Main street, at the corner of Jefferson street, in Buffalo, by the employés of defendant, to be picked up by other employés of defendant and put on the Jefferson Street car and taken to their destination, as had been done regularly for years. It is undisputed that the pile of newspapers thus placed in the street temporarily obstructed that portion of the highway which they occupied. Ordinarily this was for a brief space of time; but, on the Sunday in question, there was a delay in the Jefferson Street connection, and the bundles remained longer than usual. The jury rendered a verdict in favor of the plaintiff.

Plaintiff had previously sued the Crosstown Street Railroad to recover damages for the same injuries, on the theory that the bundles of newspapers so piled in the street constituted a nuisance. The jury rendered a verdict of no cause of action, a motion for a new trial was denied, judgment was entered in favor of the defendant, and no appeal was taken. The facts are fully set forth in the opinion of Mr. Justice Brown in Jefson v. Crosstown, 72 Misc. Rep. 103, 106, 108, 129 N. Y. Supp. 233. Defendant pleads the former judgment as a bar to this action.

The Crosstown owns the franchise to operate the street railroad at the place of the accident, but the International is the operating company, which owns all the stock of the Crosstown, and runs the cars over the line under the so-called "Milburn agreement" solely, and not as authorized lessee. The question is whether the judgment in favor of the Crosstown in the former action is an adjudication of the liability of the International in this action.

[1] It is undisputed that both companies are jointly and severally liable for the wrongful acts of the employés of the International in the operation of the road. Abbott v. Johnstown, etc., R. R. Co., 80 N. Y. 27, 36 Am. Rep. 572. The plaintiff urges that, as the two companies are liable jointly and severally as joint tort-feasors, a judgment in favor of one is not a bar to a judgment against the other, and that plaintiff has lost his remedy against the Crosstown alone. Russell v. McCall, 141 N. Y. 437–452, 36 N. E. 498, 38 Am. St. Rep. 807.

The defendant contends that there is no joint act of operating, but only a joint liability for the single act; that the Crosstown operates the road in law, so far as legal liability is concerned, because it owns the franchise and cannot escape liability by allowing another company to operate the cars, but that the International operates the road in fact; that it is as though the relation of principal and agent existed between the Crosstown and the International; that the maxim of respondeat superior applies; that if the principal is not liable to plaintiff for the acts of the agent as such, the agent cannot be liable for such acts; and that the former judgment holds that the principal is not liable, and is a bar to this action.

If the International is the agent of the Crosstown in operating the road, an act done by the servants of the International, as imposing liability upon the Crosstown, is analogous to the act of the servant driver

of an automobile. His negligence is the negligence of the owner, if done in the course of his employment. If the principal is exonerated from liability for the negligent acts of the agent, done for him, by reason of the contributory negligence of the injured person, it would seem that the agent must also be relieved from liability for the same acts. Featherston v. President, 71 Hun, 109, 24 N. Y. Supp. 603. But a very recent decision has held that, where both owner and driver are sued jointly, a verdict against the owner for the driver's acts and in favor of the driver for the same acts is "unseemly," but not void. Pangburn v. Buick Motor Car Co., 151 App. Div. 756, 137 N. Y. Supp. 37.

It would follow that, if the liability of principal and agent to the person injured for the agent's negligent acts is several as well as joint, to the extent that in a joint action the agent may be excused and the principal held, the agent has no legal cause for complaint because the injured one has first failed in an attempt to charge the principal in a separate action. The agent's several liability still remains to be tried out, and he cannot take advantage of the former judgment as a defense on his part.

But the Crosstown is not, in any legal sense, the principal, and the International the agent. The analogy may exist in fact; but the two companies in law operate the street railroad jointly and severally, and not one for the other. The public has no concern in the internal affairs of the companies, nor will a sound public policy permit this defendant to show the books which are kept between them as a defense to its own negligent act. The "Milburn agreement" merely provides that the roads may "run their cars on each other's lines interchangeably." Each admitted in its answer that it operated the road. So defendant remains liable primarily and severally. Russell v. McCall, 141 N. Y. 452, 36 N. E. 498, 38 Am. St. Rep. 807.

[2] Plaintiff urges the distinction between nuisance and negligence as a further ground for sustaining this verdict. The distinction is thus stated:

"Where a railroad company is *the creator* of a dangerous situation, it is liable to a person injured as for a *nuisance*; but where such condition arises *from other* causes, the *failure to remove* the obstacle involves a question of *negligence.*" Hayes v. Brooklyn Heights R. R. Co., 200 N. Y. 183, 93 N. E. 469.

But here the dangerous situation was created by the defendant, not by the mere temporary placing of the bundles in the street, but by its failure to guard or remove the obstacle which its own act had placed in the highway. That act is attributable to the Crosstown, and suing for negligence, instead of nuisance, merely opens the defense of plaintiff's lack of freedom from contributory negligence, which is nothing more than plaintiff's improper use of the highway, as submitted to the jury in the Crosstown Case. I think that the causes of action are identical. See Justice Brown's opinion, supra.

But, for the reasons above stated, motion for new trial denied.