## PEOPLE v. DOYLE.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. RAPE (§ 51*)—DEGREES OF OFFENSE—ELEMENTS—"RAPE IN THE SECOND DEGREE."

Where defendant was convicted of rape in the first degree involving force which the evidence did not prove, the conviction could not be sustained, because the evidence showed intercourse with a woman under 18, which constitutes "rape in the second degree" without proof of force.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–77; Dec. Dig. § 51.*

For other definitions, see Words and Phrases, vol. 7, pp. 5919–5925; vol. 8, p. 7778.]

2. CRIMINAL LAW (§ 369*)—FORCE—EVIDENCE—SUBSEQUENT INTERCOURSE.

Subsequent acts of intercourse between prosecutrix and accused was incompetent to show that the first intercourse was forcible and against her will.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

3. RAPE (§ 54*)—EVIDENCE—CORROBORATION.

In a prosecution for rape, evidence held insufficient to corroborate prosecutrix that the intercourse was not voluntary but forcible, as required by Pen. Code, § 283, to sustain a conviction.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

Kellogg and Lyon, JJ., dissenting.

Appeal from Otsego County Court.

James Doyle was convicted of rape in the first degree, and he appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

N. P. Willis, of Cooperstown, for appellant.
O. L. Van Horne, Dist. Atty., of Cooperstown, for the People.

SMITH, P. J. The defendant was indicted for feloniously, willfully, maliciously, and wrongfully making assault upon Hazel Vunk, a female not his wife, being under the age of 18 years. It was further charged in the indictment that the defendant did wrongfully ravish and did then and there perpetrate an act of sexual intercourse with her against her will and without her consent and when her resistance was forcibly overcome.

The evidence is to the effect that upon April 30, 1912, the defendant and Hazel Vunk first met. They did not see each other again until May 12th, when the defendant called upon Hazel Vunk at her home. He took dinner at the house, and afterwards the complainant's stepmother played the piano and the defendant sang. Thereafter the complainant and the defendant took a walk. The defendant proposed to the complainant that he wanted to take her South. She asked in what way, and he answered as his wife, and she answered that she would consider it. Thereafter they walked up the road and the complainant

proposed to go home. The defendant, however, said no, and, according to the evidence of the complainant, took hold of her arm and forcefully led her between 200 and 300 feet from the highway into the woods. He forcefully took her hat from her head, throwing aside the hat pins. He then pushed her to the ground, lifted her clothing, and had intercourse with her. After the act was consummated she asked him if he supposed she was in trouble, and he answered yes. She asked if she could not take medicine to avert the trouble, and he said no, it would poison her and there would be worse trouble. He said he thought they could be married by June 15th. They then went home. The complainant changed her clothes and took supper, and soon thereafter the stepmother of the complainant came in and ordered the defendant out of her house. She had noticed that the complainant's dress was somewhat mussed, that her arm was scratched, and had noticed the complainant wiping tears from her eyes. Upon the 15th of June the defendant did not come for the complainant, and she next saw him in Albany upon July 6th. Meantime she had corresponded with him and she met him there by his appointment. They lived together at a rooming house in Albany for two days. They then went to Amsterdam, where they separated. Upon July 24th they again met at Albany and went to New York together, where they lived together apparently until September 1, 1912. She asked him several times when they were to be married, and he postponed the time, alleging that he had not money enough, and said that he thought they could be married in October. After a quarrel upon September 1st they separated. The complainant came home, and this charge was made against the defendant. The complainant was born upon May 29, 1894, so that upon May 12th, at the time she alleges the defendant first had intercourse with her, she was under 18 years of age. Upon July 6th, however, and from July 24th to September 1st when they were living together in New York, she was over 18 years of age. Upon September 9th she was examined by a physician, who swore that she was pregnant and had been so, he thought, between three and four months, although he could not tell accurately the length of time.

The learned trial judge in charging the jury read to them section 278, Penal Code, and also stated the law that a person who perpetrates an act of sexual intercourse with a female not his wife under the age of 18 years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree. At another part of his charge he stated:

"If the crime was committed on a person over 18 years of age, and that person did not resist, used no means of preventing it, made no outcry; then, sometimes, it would be a defense. In the crime of rape in the first degree there must be a degree of force used, but where the person upon whom the offense is committed has not reached the age of 18 years, it is not any element of the crime, and it is not essential for the people to prove that any force was used, or any resistance made on the part of the person performing the offense alleged to have been committed."

The jury returned a verdict of guilty of rape in the first degree. From the charge read it might well have been inferred by the jury that, while force was usually an element of the crime of rape in the

first degree, nevertheless if the intercourse were committed with a woman under the age of 18 years that force was not necessary to a conviction of rape in the first degree. No exception was taken to this charge. If the attention of the trial judge had been directed thereto, he would undoubtedly have pointed out the distinction which was drawn in the first part of his charge between rape in the first degree and rape in the second degree. All of the requests to charge made by the appellant's counsel were granted, and the only question here presented is whether the evidence is sufficient to convict the appellant of rape in the first degree.

[1] As the appeal is from a judgment of conviction of rape in the first degree, it is unnecessary to consider whether the evidence would sustain a conviction of rape in the second degree by reason of the commission of the act of sexual intercourse with a woman under 18 years of age. This judgment cannot be sustained, notwithstanding all the elements of rape in the second degree have been proven and found by the jury. People v. Munroe, 119 App. Div. 704, 104 N. Y. Supp. 675, reversed 190 N. Y. 435, 83 N. E. 476. The judgment can only be sustained if the evidence be sufficient to show that the defendant by means of force overcame the resistance of the complainant and against her will had intercourse with her. By section 283 of the Penal Code it is provided that no conviction can be had for rape upon the testimony of the female raped unsupported by other evidence. So that the question ultimately resolves itself into the question of fact whether the story of the complainant of the use of force in perpetrating the act of sexual intercourse upon her upon May 12th is corroborated by other evidence.

[2, 3] Against the objection of the defendant the people were allowed to show the subsequent illicit relations between the defendant and complainant in Albany and in New York. It is difficult to see how this evidence is competent to prove the act of forcible rape upon May 12th. If the evidence be competent, however, the natural inference would seem to be that the illicit relations between the parties began by consent rather than by force. There does not appear to have been at any time any resentment by the complainant against the defendant. The story that the defendant took the complainant by the arm in a public highway and led her forcibly without her consent into the woods is not very probable. If her resistance had been genuine, she could have fallen to the ground and called for help; and the defendant could hardly have carried her into the woods from a public highway without detection. She made no call for help. She made no complaint of this outrage upon her until after the 1st of September, when their relations were broken up in New York City. It does not appear that he was in any way scratched from any struggle on her part to resist, or that her limbs were in any way bruised. Her arm was scratched with a hat pin, which might easily have been if she had voluntarily though carelessly taken off her hat. None of her clothing seems to have been torn. That her clothing was mussed and her hair disheveled is no more evidence of force than it is of voluntary cohabitation between the complainant and defendant. The fact of pregnancy seems to be

no corroboration. People v. Haischer, 81 App. Div. 559, 81 N. Y. Supp. 79. But if corroboration of the fact of intercourse, it is not corroboration of the fact of forcible intercourse. The defendant was not sworn upon the trial. He was undoubtedly convicted upon his harsh treatment of the defendant in New York. According to the evidence he was already a married man, and he probably deceived the complainant; but, whatever may have been his vices, he cannot be convicted of rape in the first degree unless the evidence of the complainant of the force used to perpetrate the act of intercourse is corroborated by other evidence. For the lack of such corroboration we think that the conviction must be reversed and a new trial granted.

Judgment of conviction reversed, and new trial granted in the County Court of Otsego county. All concur, except KELLOGG and LYON, JJ., who dissent.