THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE HAUPT, Appellant.*

Third Department, September 23, 1927.

Crimes — attempt at grand larceny — defendant was indicted also for burglary, third degree — defendant was caught as he broke into garage — error to charge that defendant could be found guilty of attempted larceny and not guilty of burglary.

The defendant was caught by the police almost immediately he broke into a garage in which was an automobile. The fair inference is that he intended to steal the automobile. He was indicted for burglary in the third degree and attempt at grand larceny in the first degree. It was error for the court to charge that if the jury did not believe the defendant guilty of burglary in the third degree they might still find him guilty of attempted grand larceny in the first degree, for if the defendant was not guilty of breaking into the garage he could not be guilty of attempt at grand larceny, which crime is entirely dependent for its basis on the preceding burglary.

APPEAL by the defendant, George Haupt, from a judgment of the County Court of the county of Rensselaer, rendered on the 24th day of March, 1927, convicting him of the crime of attempt at grand larceny in the first degree.

*Gerald W. O'Connor* [*Thomas O'Connor* and *George E. O'Connor* of counsel], for the appellant.

*Frederick C. Filley, District Attorney* [*Philip J. Cirillo, Assistant District Attorney,* of counsel], for the respondent.

PER CURIAM. The defendant was tried on an indictment charging him with the crime of burglary in the third degree; and in a second count with the crime of an attempt at grand larceny in the first degree. It was alleged that both offenses were committed in the city of Troy on March 21, 1926.

It appears that at the date stated in the indictment at about four o'clock in the morning, a burglar alarm attached to the door of a garage began ringing. Several policemen from a near-by station rushed immediately to the scene and apprehended defendant and one Harwood as they were attempting to escape. Access to the garage had been gained by entering a window in the second story of the building, coming down the stairs, and cutting the steel hasp that secured the door opening into the garage. It was the opening of this door that started the burglar alarm. This furnished the only method to them of entering the garage, for the

* See 218 App. Div. 251.

other doors were locked and so remained. The only property in the garage was an automobile, so it is a fair inference that whoever broke open the door had the purpose of stealing that car.

The circumstantial evidence was sufficient to warrant the conviction of defendant of both crimes. On this record it is clear that if the defendant and Harwood were the ones who broke into and entered the garage, their intent was to take the car; but that if they did not break open the door which caused the alarm to ring, then there was no other way in which they might have stolen it. The two transactions are inseparably connected. The crime of attempted grand larceny is entirely dependent for its basis on the preceding burglary.

Nevertheless the learned county judge charged: " If from the evidence you do not believe the defendant is guilty of burglary in the third degree, you may go to the second count and consider whether or not on the evidence he has been proven guilty of attempted grand larceny in the first degree." And again: " In order to find the defendant guilty, you are ·not obliged to find him guilty on both counts of the indictment., You may find him guilty of burglary in the third degree as I have outlined it to you, or attempted grand larceny in the first degree, as you may determine."

So advised, the jury by some strange psychological process, brought in a verdict only of guilty of attempted grand larceny in the first degree. This, of course, was equivalent to a verdict of acquittal of the crime of burglary in the third degree. (*People* v. *McCarthy,* 110 N. Y. 309.)

On the face of this record the verdicts are entirely inconsistent. There is no reasonable basis for sustaining the verdict of attempted grand larceny. It is possible proof may be supplied on another trial. The judgment appealed from should be reversed on the law and the facts and a new trial granted.

Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur.

Judgment of conviction reversed on the law and facts and new trial granted.