PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PAVLISAK and WILLIAM JONES, Appellants.

Argued October 20, 1943; decided January 20, 1944.

*Harry S. Travis* for John Pavlisak, appellant.
*Alec Rosefsky* for William Jones, appellant.
*Robert O. Brink, District Attorney,* for respondent.

The judgments should be affirmed on the ground that there was no prejudicial error in the charge as to reasonable doubt when read in its entirety or in any other rulings of the trial court to which exceptions were taken. We may not consider rulings to which no exceptions were taken. (*People* v. *Cummins,* 209 N. Y. 283; *People* v. *Pindar,* 210 N. Y. 191.)

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND and THACHER, JJ., concur; CONWAY, J., dissents in the following memorandum in which RIPPEY, J., concurs:

CONWAY, J. (dissenting). I vote to reverse and for a new trial. The errors here are numerous and flagrant. We fear a repetition of them in cases which may not reach an appellate court. (See *People* v. *Miller,* 257 N. Y. 54, 56.) The jury was told that it could make a finding of guilt on a confession made under the influence of fear produced by threats — that that fact would only affect the weight to be given to the confession. The jury was told that the failure of the defendants to testify left the issue of guilt to be determined on the proof of the prosecution. The jury was told that an ordinary doubt would not justify an acquittal — that it must be a reasonable doubt. To this latter charge there was an exception to the " second definition of reasonable doubt " as given by the Court to the jury. There are no other exceptions. It seems to us that the exception was meant to be applicable to the following as constituting the " second definition ": " In other words, if you have a doubt in your minds as to the guilt of these defendants, and you can give no logical, reasonable reason for that doubt, then you cannot interpret it as being a reasonable doubt, and one to which the defendants would be entitled." Six sentences prior to the quoted sentence the court charged: " In the first place, if from the evidence, you have a doubt as to the guilt of these defendants, that is not sufficient unless that doubt is a reasonable doubt." These were fundamental errors affecting substantial rights. (*People* v. *Marendi,* 213 N. Y. 600, 619, 620.) There is no need to enumerate other serious errors to which there are no exceptions. The foregoing is sufficient to require reversal of the judgment of conviction and the granting of a new trial.