■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE RENSING, Appellant.— Judgment of the Supreme Court, Kings County, rendered December 17, 1964, convicting defendant of murder in the first degree and sentencing him to life imprisonment, affirmed. At a prior trial in April, 1963, defendant (with another) had been convicted of murder in the first degree and sentenced to death. The ensuing judgment as to him was reversed on May 7, 1964 (*People* v. *Rensing,* 14 N Y 2d 210) by a closely divided Court of Appeals and a new trial was granted, solely on the ground that the mental illness of the codefendant (who had testified against him) had not been brought to the attention of the jury, and despite the fact that the record established defendant's guilt beyond a reasonable doubt. On June 22, 1964 the Supreme Court of the United States decided that the Federal Constitution required that, before its admission into evidence, the voluntariness of a defendant's confession must be first determined by the Trial Judge (*Jackson* v. *Denno,* 378 U. S. 368). The Supreme Court left to each State the determination whether the voluntariness issue must thereafter also be submitted to the jury. It was not until January 7, 1965 that the Court of Appeals determined in *People* v. *Huntley* (15 N Y 2d 72) that the submission of that issue to the jury was a matter of State constitutional right. After the Trial Judge held a hearing and determined that defendant's five prearraignment statements (three to detectives and two to an Assistant District Attorney, the latter two in question and answer form with a stenographer present) were voluntary, the trial took place between December 3 and 12, 1964 (between the *Jackson* and *Huntley* determinations, *supra*). In his charge, the trial court presented to the jury every aspect of the proof on the issue of voluntariness and directed the jury to take into consideration all of the factors bearing on that issue. However, the court at first limited the jury to a consideration of those factors solely in its determination of whether the confessions were made and whether they were accurate, true and reliable; and then directed the jury thereafter to determine the weight of the confessions. The court did not submit to the jury in precise words the issue of voluntariness. The charge may be considered technically erroneous in view of the later determination in *People* v. *Huntley* (*supra*) that, in addition to determination by the court, the issue of voluntariness must be submitted to the jury. However, there was no objection or exception to the charge and no request to charge on the issue raised for the first time on this appeal. Experienced trial counsel must have been aware that at the time of the trial the Court of Appeals had held and adhered many times to the view that objection is necessary to preserve for appellate review an issue of constitutional law (*People* v. *Friola,* 11 N Y 2d 157). Although the Court of

Appeals did hold after the trial of this case and on February 11, 1965 that an exception is unnecessary to preserve for appellate review a deprivation of a fundamental constitutional right (*People* v. *McLucas*, 15 N Y 2d 167), that court also held in *People* v. *McQueen* (18 N Y 2d 337, 344) that the absence of objection to the failure of the trial court to charge concerning the issue of the voluntariness of a defendant's confessions precludes review. Under these circumstances, and in view of the overwhelming guilt of this defendant and the fact that defendant admitted at the trial that the first two statements made to the detective were truthful, voluntary and without duress, it is our opinion that acquiescence in the charge as made constitutes a waiver of defendant's State constitutional right to have the issue of voluntariness specifically submitted to the jury (cf. *People* v. *De Renzzio*, 19 N Y 2d 45). The failure to except to the charge or to request that the issue of voluntariness be submitted to the jury was, in effect, a concession that defendant did not contend that his statements were involuntary (cf. *People* v. *Castro*, 19 N Y 2d 14), and thereby became the law of the case (*People* v. *Sciascia*, 268 App. Div. 14, affd. 294 N. Y. 927). The interests of justice do not require a new trial. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.