OPINION OF THE COURT
Bruce Allen, J.
CPL 30.30 (1) (b) provides, in pertinent part, that the prosecution must be ready for trial within 90 days when the defendant has been charged with one or more class A misdemeanors. The question in this case is whether the prosecution *300 is entitled to announce that it is ready for trial during that period of time despite the fact that the accusatory instrument has not been fully converted into an information.
Although no appellate court has addressed this issue, a number of courts of coordinate jurisdiction have considered it, and a division of authority has arisen. (Compare, People v Jackson, 125 Misc 2d 870 [Crim Ct, Kings County 1984], and People v Lewis, 130 Misc 2d 275 [Crim Ct, Bronx County 1985], with People v Muniz, 129 Misc 2d 456 [Crim Ct, Kings County 1985].) For the reasons stated below, I have concluded that the prosecution cannot be ready for trial in such a piecemeal fashion. Instead, to be ready within the 90 days on a particular count or counts of an accusatory instrument, the prosecution must also take those steps necessary to dismiss or remove the unready counts.
Here, the prosecution filed a 15-count misdemeanor complaint on December 9, 1986. All of the charges were class A misdemeanors. On March 6, 1987 — some 86 days later — the prosecution filed a written statement of readiness covering all counts. At that time, 9 of the counts arguably were based on nonhearsay allegations but the remaining 6 counts were not. The defense, which did not consent to or request any adjournments, subsequently made a motion to dismiss the complaint pursuant to CPL 170.30, on the ground that the 90-day rule had been violated.
The speedy trial clock begins to run from "the commencement of [the] criminal action”. (CPL 30.30 [1] [b].) In the criminal court all actions commence with "the filing of an accusatory instrument”. (CPL 100.05; see also, CPL 1.20 [17].) The term "accusatory instrument” includes informations and misdemeanor complaints — the two instruments most frequently used in the criminal court. (CPL 1.20 [1].) The primary difference between them is that an information must be supported by nonhearsay allegations while a misdemeanor complaint may be supported by hearsay. (CPL 100.40 [1], [4].) In a typical case, a misdemeanor complaint becomes an information upon the simple act of filing a supporting deposition from the person named in the complaint — hence, the phrase "converted into an information”.
The CPL does not define or specify the hybrid, partially converted accusatory instrument which is under scrutiny here. Nevertheless, since the speedy trial time is keyed to the filing of the accusatory instrument and since an information, *301 by definition, contains only nonhearsay allegations, it follows that a partially converted instrument must be deemed a complaint rather than an information. Accordingly, the prosecution cannot declare its readiness or proceed to trial on such an instrument. To allow the prosecution to go forward would violate the well-established rule that a defendant may not be prosecuted on hearsay charges. (CPL 100.10 [1], [4]; see, e.g., People v Alejandro, 70 NY2d 133.)
This "all or nothing” approach does not work a hardship upon the prosecution. When, as here, some but not all of the necessary supporting depositions have been filed and the 90th day is drawing near, the prosecutor needs only to reshape the accusatory instrument so as to remove the counts based on hearsay. Then he is free to announce his readiness for trial. The CPL affords the prosecutor at least three ways to accomplish this goal. One course of action would be for the prosecutor to make an application to sever the hearsay counts. (CPL 100.45, 200.20.) Next, he can exercise his unfettered discretion and file a prosecutor’s information containing only the nonhearsay counts. (CPL 100.50 [2]; see, People v Owens, 124 Misc 2d 640 [Crim Ct, NY County 1984].) As a final measure, the prosecutor can move to dismiss the unwanted counts in the interest of justice. (CPL 170.40; see, People v Murray, 129 AD2d 319.)
As noted, other Judges have reached different conclusions on this issue. In People v Jackson (supra), for example, the court held that the prosecution could be ready for trial on one count of a two-count accusatory instrument because the "ready” count contained elements which were distinct from the elements of the hearsay count. The problem with that reasoning is apparent if one assumes that no speedy trial claim had been made. How could the prosecution have proceeded to trial on the hearsay count? No matter how different the two counts may have been, they were included in the same instrument and it was that instrument upon which the prosecution was based.
It could be argued also that the statement of readiness filed in this case referred only to the nonhearsay counts and effectively dismissed the others. Under this theory, then, the prosecution would be able to proceed to trial on an information. Although this approach is attractive at first blush, it must be rejected because there is no statutory support for it. And, as mentioned before, the CPL provides the prosecution *302 with a number of options to resolve its problem without difficulty. That legislative framework cannot be ignored. As a practical matter, furthermore, it is not always an easy matter to determine which counts of a complaint are based on hearsay and which ones are not. In many cases, including the one at hand, the defendant would not know which counts he was still facing.
This decision should not be read to have any application regarding the so-called "170.70 day”. To be sure, CPL 170.70 provides that a defendant who is being held in custody pursuant to a misdemeanor complaint must be released in six days if the complaint is not converted into an information. Yet the statute neither refers to the speedy trial provisions nor requires the prosecution to answer ready for trial. For CPL 170.70 purposes, therefore, each count of the complaint may be viewed separately and each one may be converted into an information even though the accusatory instrument itself remains a complaint. This construction is buttressed by CPL 100.40 (1) which sets forth the requirements for an information "or a count thereof” (emphasis added) to be sufficient on its face. Accordingly, once the prosecution has obtained a supporting deposition which serves to convert one count of a multicount complaint, the requirements of CPL 170.70 are satisfied and the defendant’s bail status may be continued. It is of no moment that the other counts are still based on hearsay because the prosecution is under no obligation to answer ready at that juncture.
True, prosecutors in criminal court often announce at calendar calls that they are "ready” on one or more counts of a complaint even though complete conversion has not taken place. Based on the foregoing analysis, it is my view that such statements are nullities unless the prosecutor concomitantly acts to eliminate the hearsay counts.
The practice of answering ready on partially converted complaints leads to another question: should the discovery process be triggered into action? (See, CPL 240.20 [1].) Although this statute may permit discovery to commence after one count has been converted, I believe that the wiser course would be to await full conversion. Otherwise, there may be needless or duplicative motions, especially with regard to the suppression statute. One way to begin discovery during this state of legal limbo would be to request the prosecution to *303 make open file disclosure. Of course, the speedy trial clock continues to run against the prosecution whether or not it complies with the request for open file discovery.
Given the failure of the prosecution to make a proper declaration of readiness within the prescribed time period, the motion to dismiss the complaint is granted.