OPINION OF THE COURT
Michael A. Gary, J.
the ISSUE
CPL 170.70 provides that a defendant in custody pursuant to a misdemeanor complaint must be released on the so-called "170.70 day” if the complaint is not replaced by an information.[1] The issue is whether the People satisfy the requirement of CPL 170.70 simply by converting one count of a complaint on the "170.70 day”.
PROCEDURAL BACKGROUND
The defendant, Marcelino Hernandez, was charged in a three-count misdemeanor complaint with criminal possession of a controlled substance in the seventh degree and criminal facilitation in the fourth degree, both class A misdemeanors, based upon his role as a "steerer” in an alleged sale of cocaine to an undercover police officer. In this "buy and bust” street operation, another police officer, the deponent in the com *493 plaint, arrested the defendant after the sale and allegedly found additional cocaine on his person. Hernandez was in custody, having failed to make bail when he was produced before this court on the "170.70 day”. At this time, the People converted the criminal possession of a controlled substance count by filing with the court a laboratory report certifying that the substance seized from the defendant’s person was, in fact, cocaine. Also, the prosecution conceded that no laboratory report, nor supporting deposition, was available to convert the remaining two counts in the complaint.
Defense counsel moved for defendant’s release pursuant to CPL 170.70 on the ground that the People had failed to convert the accusatory instrument into a misdemeanor information. The People responded that pursuant to the analysis of CPL 170.70 set forth in People v Minor (136 Misc 2d 299 [1987], revd on other grounds 144 Misc 2d 846), conversion of one count of the complaint satisfied CPL 170.70. A brief continuance was ordered for both sides to submit any case law in support of their respective positions and for the court’s own research. Unfortunately, no one’s efforts were productive. Constrained by the necessity of ruling within the time frame mandated by the statute, this court found CPL 170.70 had been satisfied and denied defendant’s motion with a written decision to follow.
Thereafter, the People offered and defendant pleaded guilty to a class B misdemeanor and was sentenced to pay a fine. Subsequently, both sides submitted legal memorandum and the court reviewed the legislative history of CPL 170.70. (See, Proposed NY CPL-1968 Study Bill & Commn Report, prepared by Temp Commn on Revision of Penal Law & Criminal Code, § 85.70, at 67-68.) However, none of this research has shed any additional light on the issue.
MOOTNESS
Since Hernandez pleaded guilty and has been sentenced already, the question arises whether this court may nevertheless render a decision on the CPL 170.70 issue. In Matter of Hearst Corp v Clyne (50 NY2d 707, 714-715 [1980]) the Court of Appeals indicated that a court should rule on an issue even though it is technically moot as to those who seek relief when there is: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant *494 or important questions not previously passed on, i.e., substantial and novel issues.”
The Appellate Division has already determined the existence of the first two factors concerning the operation of CPL 170.70 (People ex rel. Neufeld v McMickens, 117 AD2d 243 [2d Dept 1986], revd on other grounds 70 NY2d 763 [1987]), and this court has already noted the absence of any reported decision on the substantial issue presented. Accordingly, application of the above criteria reveals that a decision is warranted.
DISCUSSION
In People v Minor (supra) the court’s decision concerned the application of CPL 30.30. In acknowledged dicta (see, People v Minor, supra, 136 Misc 2d, at 302), the court opined that: "This decision should not be read to have any application regarding the so-called ’170.70 day’. To be sure, CPL 170.70 provides that a defendant who is being held in custody pursuant to a misdemeanor complaint must be released in six days if the complaint is not converted into an information. Yet the statute neither refers to the speedy trial provisions nor requires the prosecution to answer ready for trial. For CPL 170.70 purposes, therefore, each count of the complaint may be viewed separately and each one may be converted into an information even though the accusatory instrument itself remains a complaint. This construction is buttressed by CPL 100.40 (1) which sets forth the requirements for an information 'or a count thereof (emphasis added) to be sufficient on its face. Accordingly, once the prosecution has obtained a supporting deposition which serves to convert one count of a multicount complaint, the requirements of CPL 170.70 are satisfied and the defendant’s bail status may be continued. It is of no moment that the other counts are still based on hearsay because the prosecution is under no obligation to answer ready at that juncture.”
The People also argued on the "170.70 day” that the statute’s language providing for a defendant’s release only if, "without any information having been filed in replacement of such misdemeanor complaint” (emphasis supplied), supported Minor’s analysis.
While these arguments are superficially persuasive, they do not withstand scrutiny of CPL 170.70’s purpose nor comparison with the plain meaning of its language.
*495 THE PURPOSE OF CPL 170.70
This court agrees with the observation in Minor (supra) that CPL 170.70 neither refers to the speedy trial provisions nor requires the prosecution to answer ready for trial. Having said this, Minor’s conclusion that there is no significance to the fact that other counts of the accusatory instrument are still based on hearsay because the prosecution is under no obligation to answer ready does not address what interest the statute is designed to protect. Moreover, it fails to consider the limited legal significance of a misdeameanor complaint.
In People v Weinberg (34 NY2d 429, 431 [1974]) the Court of Appeals addressed the waiver of the right to prosecution by information and the misdemeanor complaint’s function: "The misdeameanor complaint is an accusatory instrument filed with a local criminal court charging a person with a crime. (CPL 100.10.) It serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant’s person where there is as yet no prima facie case. However, it is not designed for prosecution purposes and a defendant is not required to plead to a misdemeanor complaint and cannot be tried thereon unless he consents. (CPL 170.65, subds. 1, 3.) By statute, a defendant has the right to be prosecuted by information. (CPL 100.10, subd. 1; 170.65, subd. 1.) The right is substantial and takes into account a fundamental difference between these accusatory instruments — i.e., that a misdemeanor complaint may rest on hearsay allegations while an information may not. (CPL 100.40, subds. 1, 4.)”
From the foregoing, it is clear that CPL 170.70’s purpose is to protect the defendant’s right to prosecution by information only and, more specifically, to guarantee that a defendant will not be deprived of his liberty beyond a reasonable, finite period if the prosecution has violated that right.
THE STATUTORY FRAMEWORK OF CPL 170.70
Turning to the language of CPL 170.70, the People’s contention that "any information” means any count of a misdemeanor complaint ignores the context of the statute. The CPL encompasses four types of informations which satisfy a defendant’s right to be prosecuted by information protected by CPL 170.70; an information as defined in CPL 100.10 (1) and those types of prosecutor’s informations as described in CPL 100.10 (3). Therefore, the statutory language "any information” *496 clearly refers to any 1 of these 4 types, and not to any count converted into an information in a misdemeanor complaint. (See also, CPL 170.70 [2].)
An examination of the statutory language common to both CPL 170.65 and 170.70 further undercuts the People’s argument. CPL 170.65 (1), which embodies the right to be prosecuted by information, reads as follows: "A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon. If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information” (emphasis supplied).
The word "replace” is not defined in the statute. Of necessity, therefore, recourse must be had to other sources. The authorities hold that words are to receive their natural and obvious meaning and are to be construed according to their ordinary and popular significance (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232); and that as an aid in determining their popular and accepted meaning, dictionaries may be consulted (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 234). Black’s Law Dictionary 1168 (5th ed 1979) defines "replace” as: "[t]o place again, to restore to a former condition. * * * Term, given its plain, ordinary meaning, means to supplant with substitute or equivalent. * * * To take the place of.”
That the Legislature intended "replace” to have its normal, dictionary meaning is reinforced by its usage of replace in CPL 170.65 (2). This subdivision permits a joinder of offenses only where the additional counts are legally sufficient. Put another way, since the replacement in CPL 170.65 (2) requires a completely converted information, then the replacement in CPL 170.65 (1) has the same effect (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 236). This leads to the meaning of the phrase "without any information having been filed in replacement of such misdemeanor complaint” in CPL 170.70 itself. For the word "replace” to have its ordinary meaning, then the replacement of the misdemeanor complaint described in CPL 170.70 certainly requires that the misdemeanor com *497 plaint is no more. Therefore, Minor’s analysis, in which the misdemeanor complaint survives the conversion of only one count, is clearly contrary to the plain language of the statute.[2]
If the Legislature intended that conversion of one count of a misdemeanor complaint should satisfy CPL 170.70, the statute would read "without any information having been filed in partial replacement or replacement of such misdeameanor complaint” (emphasis supplied); or the Legislature could have simply repeated the phrase from CPL 100.40 (1) cited in Minor (supra, 136 Misc 2d, at 302) "without an information or a count thereof having been filed” (emphasis supplied).
In marked contrast to the "all or nothing” approach envisioned in CPL 170.70, CPL 180.70 evidences the Legislature’s explicit intention to allow the People to prove something far less than what is alleged in an accusatory instrument in order to keep a defendant in custody. Pursuant to CPL 180.80, a defendant must be released from custody unless, among other events, a hearing on the felony complaint has commenced. At this hearing, regardless of the number of counts in the complaint, the People need only prove "reasonable cause to believe that the defendant committed a felony” in order to hold the defendant for the action of the Grand Jury. (CPL 180.70 [1] [emphasis supplied].)
Even if the statutory language at issue were unclear, that would not impel acceptance of the People’s argument. On the contrary, the fact that the prosecution’s interpretation of CPL 170.70’s requirements results in a diminution of a defendant’s right to prosecution by information constitutes an alternative ground to reject the People’s argument and to interpret CPL 170.70 in a manner that effectuates its purpose. (See, People v Weinberg, supra.)
CONCLUSION
Given the purpose of CPL 170.70 as described above and the clear intent of the statute — that a misdeameanor complaint must be replaced by an information on the "170.70 day” or the defendant is released from custody — this court reverses its oral decision, replaces it with this written one, and finds that *498 conversion of a count of a misdeameanor complaint does not satisfy CPL 170.70.[3]

. CPL 170.70 provides:
"Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdeameanor complaint, the criminal court must release the defendant on his own recognizance unless:
"1. The defendant has waived prosecution by information and consented to be prosecuted upon the misdemeanor complaint, pursuant to subdivision three of section 170.65; or
"2. The court is satisfied that there is good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded replacement of the misdemeanor complaint by an information or a prosecutor’s information within the prescribed period.”

. It may also be observed that acceptance of the People’s argument wreaks havoc with the definition of an information in the discovery statute for the CPL does not recognize a hybrid accusatory instrument — part complaint, part information — for purposes of discovery. (See, CPL 240.20 [1]; People v Minor, 136 Misc 2d 299, 302.)

. This "all or nothing” requirement still leaves the prosecution with ample discretion. If, on the "170.70 day”, the most serious count or counts have been converted, the People can dismiss the hearsay count, satisfy CPL 170.70 and file a superseding information thereafter. (See, CPL 100.50.) Conversely, if, on the "170.70 day”, only an incidental count like resisting arrest is converted, the People may well choose to concede the operation of CPL 170.70 and seek an adjournment for conversion.