*1017 OPINION OF THE COURT
Richard J. Goldman, J.
The court has consolidated the two above-entitled matters for the purpose of this decision because they involve identical issues of law. Both defendants claim that they are being illegally incarcerated because the misdemeanor complaint upon which each is being held has not been properly converted to a misdemeanor information within the statutory time frame (CPL 170.70). Both defendants therefore seek a writ of habeas corpus.
Both defendants were originally incarcerated on the basis of a multicount misdemeanor complaint. In the case of People v Evering, the different counts relate to assaults on different victims. In the case of People v Mack, the misdemeanor complaint relates to two different crimes committed at different times upon several victims. In each case, one of the counts has been properly converted in a timely manner to a misdemeanor information. However, the remaining count in each case has not been so converted. Both defendants rely on People v Hernandez (145 Misc 2d 491 [Crim Ct, Kings County, Gary, J.]) for the proposition that it is legally insufficient to convert only one count of a multicount misdemeanor complaint.
CPL 170.70, as is relevant, reads as follows: "Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdemeanor complaint, the criminal court must release the defendant on his own recognizance” (emphasis supplied).
It is well settled that each count contained in an accusatory instrument is deemed as a matter of law a separate and distinct accusatory instrument (People v Sciascia, 268 App Div 14, 15, affd 294 NY 927; People ex rel. Troiani v Fay, 13 AD2d 999, 1000; People v Delorio, 33 AD2d 350, 353; People v Quinn, 8 Misc 2d 546, 548; see also, People v Tucker, 55 NY2d 1, 9); for discussion of this principle see Selvester v United States (170 US 262). This principal is used as a foundation for legal principles such as: a valid verdict is not invalidated by an invalid verdict on another count (Selvester v United States, *1018 supra), a reversal of one count does not require reversal on another count (Ballew v United States, 160 US 187), a jury must consider each count as a separate entity (People v Johnson, 130 AD2d 804, lv denied 70 NY2d 704; see also, CPL 300.10), and that a court must sentence a defendant separately as to each and every count (People v Calandro, 127 AD2d 675).
The Legislature, when it wrote CPL 170.70, was well aware of this ancient principle and must be deemed to have understood this cardinal rule. Thus, when the Legislature used the phrase "any information”, it included counts of a single document, since each count is legally a separate document although written on a single piece of paper and given a single number. The placing of different crimes in a single instrument does not alter the fact that they are in law deemed to be separate accusatory instruments.
Therefore, the conversion of one count in a misdemeanor complaint to a proper misdemeanor information satisfies the statute.
The court disagrees with People v Hernandez (supra) in its interpretation of the phrase "any information”. That court interpreted "any information” to refer to any type of information. CPL 100.10 provides for three different types of information, i.e., an information, a special information, and a prosecutor’s information. It is clear from the statutory scheme that a prosecutor’s information is not used to convert a misdemeanor complaint into an information. A prosecutor’s information is used only where a defendant is originally held upon a felony complaint and can only be directed by a Grand Jury or a court of law. CPL 170.70 therefore cannot refer to converting into a prosecutor’s information. Similarly, a simplified information is not used to convert a misdemeanor complaint into an information. The simplified information is used as an original accusatory instrument and not as a replacement for any other. Thus, the phrase "any information” must refer to that accusatory instrument designated as "an informationIf the court were to adopt Judge Gary’s interpretation that the phrase "any information” refers to types, and there exists only one type of information that the statute can refer to (see argument before), then the statute should have read "an information” and not "any information”.
Further, even if Judge Gary’s interpretation of the word "any” as referring to any type of information is correct, an *1019 information would be one type of proper information. Since each count is a separate accusatory instrument, there exists a proper accusatory instrument, i.e., an information. Defendants are incarcerated on a separate information which is valid, albeit that the separate information is on a piece of paper with a misdemeanor complaint.
The applications for writs of habeas corpus are denied.