■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE ORTIZ, Appellant, v COMMISSIONER OF NEW YORK CITY DEPART-

MENT OF CORRECTION et al., Respondents. [678 NYS2d 91] —Judgments, Supreme Court, New York County (Herbert Adlerberg, J.), entered March 14 and April 6, 1995, which dismissed relator's applications for writs of habeas corpus, unanimously affirmed, without costs.

Although relator is no longer incarcerated pursuant to the subject charges, the technically moot issue before us should be reviewed in light of its prior inconsistent disposition (compare, e.g., People v Hernandez, 145 Misc 2d 491, with People ex rel. Mack v Warden, 145 Misc 2d 1016) and in light of the circumstance that, although it is an issue of some importance whose resolution will affect numerous individuals (cf., Matter of Duban v State Bd. of Law Examiners, 157 AD2d 946, 948, lv dismissed 75 NY2d 945), it is one which, arising as it does under CPL 170.70, is of relatively brief duration (see generally, People ex rel. Neufeld v McMickens, 117 AD2d 243, 245, revd on other grounds 70 NY2d 763) and will typically evade review through no fault of the relator (cf., Matter of Morrison v New York State Div. of Hous. & Community Renewal, 241 AD2d 34, 42-43) unless excepted from the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

Upon reaching the merits, we agree with Supreme Court that the holding in People ex rel. Mack v Warden (145 Misc 2d 1016, supra) more practically comports with the purpose of CPL 170.70 than does the holding in People v Hernandez (145 Misc 2d, 491, supra). Each count of an accusatory instrument is deemed as a matter of law to be a separate and distinct accusatory instrument, a rule predating the enactment of CPL 170.65 and 170.70 and therefore presumptively known to the Legislature at the time of such enactment. Accordingly, we conclude that the nonhearsay corroboration of one count in a multicount misdemeanor complaint is sufficient to warrant retention.

We have considered relator-appellant's other contentions and find them to be without merit. Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.